IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | Civil Action No. 1:02-CV-02006 |
| Plaintiff | : | |
| v. | : | (Chief Judge Kane) |
| **JEFFREY BEARD, et al.** | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

Presently before the court is plaintiff Charles Iseley's ("Iseley") motion for reconsideration (Doc. No. 201) of the court's order of October 1, 2007 (Doc. No. 195), which denied Iseley's motion to vacate (Doc. No. 189) this court's February 28, 2005, judgment (Doc. No. 163). For the reasons that follow, the court will deny the motion for reconsideration.

### I.    Background

Iseley is a prisoner currently incarcerated at the State Correctional Institution at Fayette, in LaBelle, Pennsylvania. In 2002, Iseley filed a *pro se* complaint under 42 U.S.C. § 1983, as amended on September 30, 2003, asserting claims of denial of medical treatment and retaliation against various prison officials and employees at the State Correctional Institution in Coal Township, Pennsylvania, and the State Correctional Institution in Huntingdon, Pennsylvania. (See Doc. No. 76.) Several defendants filed a motion for summary judgment, (Doc. No. 123), which the court granted on February 28, 2005, concluding that collateral estoppel applied to bar Iseley's complaint, (Doc. No. 163). Additionally, the court dismissed the amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as to the remaining defendants. (Id.)

After the court denied Iseley's motions to alter the judgment and for reconsideration, (see

Doc. No. 177), Iseley appealed to the Third Circuit Court of Appeals, (Doc. No. 178). In an opinion filed June 27, 2007, the Third Circuit affirmed in part, vacated in part, and remanded the matter for further proceedings. (See Doc. No. 183.) Subsequently, the court has issued a scheduling order setting deadlines for, *inter alia*, discovery, dispositive motions, and trial. (Doc. No. 205.) Iseley filed the instant motion on October 17, 2007. (Doc. No. 199.) He argues that the court erred in denying his motion to vacate judgment as untimely, and, for the first time, asserts that his motion to vacate judgment falls under Federal Rule of Civil Procedure 60(b)(4), (5), and (6), rather than under Rule 60(b)(1), (2), or (3). Notably, in his motion to vacate judgment, Iseley cites the reasons for granting relief from judgment under Rule 60(b)(1), (2), and (3).[1] (See Doc. No. 190 at 2.)

**II.    Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the

---

[1] While Iseley does cite to Rule 60(b)(6) in his motion, the current procedural posture of this case obviates the need for the court to consider at this time "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6).

court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Iseley simply states that his motion is not untimely because it falls under Rule 60(b)(4), (5), or (6). In addition, he states that the court has improperly rejected his motion. Applying the standard used when a party seeks reconsideration, the court concludes that Iseley has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Iseley fails to raise any new arguments or present any new evidence in support of his motion. Thus, the court finds no basis to reconsider its finding that Iseley's motion to vacate was untimely.

**III.   Order**

AND NOW, this 6th day of December, 2007, it is hereby **ORDERED** that the motion for reconsideration (Doc. No. 201) is **DENIED**.

                                                s/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                Middle District of Pennsylvania