IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | |
|     Plaintiff | : | Civil Action No. 1:02-CV-2006 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JEFFREY BEARD, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are Plaintiff Charles Iseley's ("Iseley") motions to supplement the amended complaint (Doc. No. 217) and to amend the amended complaint (Doc. No. 228). For the reasons that follow, the Court will deny the motions.

I.  BACKGROUND

Iseley, a prisoner currently incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania, filed a pro se complaint under 42 U.S.C. § 1983 in 2002, as amended on September 30, 2003. (Doc. No. 76.) In the complaint, Iseley asserts claims of denial of medical treatment and retaliation against various prison officials and employees at State Correctional Institutions in Coal Township, Pennsylvania, and Huntingdon, Pennsylvania. (See Doc. No. 76.) Several defendants filed a motion for summary judgment, (Doc. No. 123), which the Court granted on February 28, 2005, concluding that collateral estoppel barred Iseley's complaint, (Doc. No. 163). Additionally, the Court dismissed the amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as to the remaining defendants. (Id.)

After the Court denied Iseley's motions to alter the judgment and for reconsideration, (see Doc. No. 177), Iseley appealed to the Third Circuit Court of Appeals, (Doc. No. 178). In an opinion filed June 27, 2007, the Third Circuit affirmed in part, vacated in part, and remanded the matter for further proceedings. (See Doc. No. 183.) Subsequently, Iseley filed the motion to

supplement the amended complaint on January 3, 2008 (Doc. No. 217), and filed the motion to amend the complaint on January 17, 2008 (Doc. No. 228).  In each motion, Iseley argues that, at the time he filed his complaint and then when he amended his complaint, he was unaware that the defendants had lied to him about the medical treatment necessary for his medical condition.  He also claims that his original and amended complaints were based on the defendants' "misrepresentations," and thus needed to be amended to reflect this newly obtained information.  (Doc. No. 218, at 1.)

**II.    DISCUSSION**

Federal Rule of Civil Procedure 15 states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .  Otherwise a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when the justice so requires."  Fed. R. Civ. P. 15(a).  Whether to grant or deny the motion is within the district court's discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).  A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003).  Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith."  Zygmuntowicz v. Hospitality Invs., Inc., 151 F.R.D. 53, 55 (E.D. Pa. 1993).  Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories."  Id.  In addition, amendment of a complaint would be futile if "the amendment would not withstand a motion to dismiss."  Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).  Denying leave to amend

where none of these factors are present is an abuse of discretion.  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

Further, an application for leave to file a supplemental pleading, like an application for leave to amend a complaint, is addressed to the sound discretion of the trial court.  Bates v. Western Elec., 420 F. Supp. 521, 525 (E.D. Pa. 1976).  Factors to be considered by the court include whether supplementation will promote the economic and speedy disposition of the entire controversy, whether supplementation will unnecessarily delay or inconvenience the resolution of the matter, and whether supplementation will prejudice the rights of the parties to the action.  Id.; see also Wright & Miller, Federal Practice and Procedure § 1504.

In the present case, Iseley seeks to supplement and amend his amended complaint by adding claims that the defendants had "already approved and prescribed treatment to [Iseley] and had diagnosed him as needing treatment but had lied to [Iseley], as they continue to do, by claiming that he was never a candidate for treatment and never needed treatment and was never prescribed or approved for treatment, etc."  (Doc. No. 229.)

Defendants argue that to allow Iseley to supplement or amend his amended complaint at this point in the litigation, which is now over five years old, would unfairly prejudice the defendants and needlessly delay this litigation.

After careful consideration of the factors outlined above that pertain to both amendments to a complaint as well as supplements to a complaint, the Court will deny Iseley's motions to amend and supplement the amended complaint.  This denial is based upon the Court's view that allowing Iseley to amend or supplement his amended complaint at this point in the litigation would not promote the interests of justice in the disposition of the case, would cause undue

delay, and would unfairly prejudice defendants in this action.

## III.    CONCLUSION

Based on the foregoing determination, the motions to amend and supplement the amended complaint will be denied. An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES ISELEY, | : | |
|     Plaintiff | : | Civil Action No. 1:02-CV-2006 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JEFFREY BEARD, et al., | : | |
|     Defendants | : | |

**ORDER**

AND NOW, this 2nd day of June, 2008, upon consideration of the motion to amend the amended complaint (Doc. No. 228) and the motion to supplement the amended complaint (Doc. No. 217), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion to amend (Doc. No. 228) and the motion to supplement (Doc. No. 217) are **DENIED**.

                                                    S/ Yvette Kane
                                                    Yvette Kane, Chief Judge
                                                    United States District Court
                                                    Middle District of Pennsylvania