IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | Civil Action No. 1:02-CV-02006 |
| Plaintiff | : | |
| v. | : | (Chief Judge Kane) |
| **JEFFREY BEARD, et al.** | : | |
| Defendants. | : | |

## MEMORANDUM

**I.   INTRODUCTION**

Before the court is plaintiff Charles Iseley's ("Iseley") motion for reconsideration (Doc. No. 306) of the court's order of June 2, 2008 (Doc. No. 304), which denied Iseley's motions to supplement and amend the amended complaint, (Doc. Nos. 217 & 228). For the reasons that follow, the court will deny the motion for reconsideration.

**II.   BACKGROUND**

Iseley is a prisoner currently incarcerated at the State Correctional Institution at Fayette, in LaBelle, Pennsylvania.  In 2002, Iseley filed a pro se complaint under 42 U.S.C. § 1983, as amended on September 30, 2003, asserting claims of denial of medical treatment and retaliation against various prison officials and employees at the State Correctional Institution in Coal Township, Pennsylvania, and the State Correctional Institution in Huntingdon, Pennsylvania. (See Doc. No. 76.)  Several defendants filed a motion for summary judgment, (Doc. No. 123), which the court granted on February 28, 2005, concluding that collateral estoppel applied to bar Iseley's complaint, (Doc. No. 163).  Additionally, the court dismissed the amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as to the remaining defendants. (Id.)

After the court denied Iseley's motions to alter the judgment and for reconsideration, (see Doc. No. 177), Iseley appealed to the United States Court of Appeals for the Third Circuit, (Doc. No. 178). In an opinion filed June 27, 2007, the Third Circuit affirmed in part, vacated in part, and remanded the matter for further proceedings. (See Doc. No. 183.) Subsequently, the court has issued a scheduling order, as amended on February 14, 2008, setting deadlines for discovery, dispositive motions, and, if necessary, trial. (Doc. No. 247.) Iseley filed the motions to supplement and amend his amended complaint on January 3, 2008, and January 17, 2008, respectively, (Doc. Nos. 217 & 228). He argued that at the time he filed his complaint and subsequently when he amended his complaint, he was unaware that the defendants had lied to him about the medical treatment necessary for his medical condition. He also claimed that his original and amended complaints were based on the defendants' "misrepresentations," and thus needed to be amended to reflect this newly obtained information. (Doc. No. 218, at 1.) By order dated June 2, 2008, the court denied Iseley's motions, reasoning that to allow Iseley's amendments and supplements at this point in the litigation would not promote the interests in justice in the disposition of the case, would cause undue delay, and would unfairly prejudice defendants in this action. (See Doc. No. 304.) Iseley filed the instant motion for reconsideration on June 13, 2008. (Doc. No. 306.) The motion repeats many of the allegations in the proposed amendment and supplement to the amended complaint.

**III.   DISCUSSION**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must

demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Iseley sets forth five arguments: (1) "Granting the motions would promote interests of justice," (2) "Granting the motions would not cause undue delay because, inter alia, delay caused by defendants," (3) "Defendants would not be prejudiced by the granting of the motions," (4) Denying the motions would be abuse of discretion because the factors to deny them are not present," and (5) "Denying the motions would cause manifest injustice as it rewards the defendants for fraud, misrepresentation and seriously harming the plaintiff." (Doc.

No. 307, at 1-5.)  However, none of these arguments is unfamiliar; in fact, Iseley is simply reasserting allegations made in his supplement and amendment to the amended complaint.

Applying the standard used when a party seeks reconsideration, the court concludes that Iseley has not demonstrated any of the applicable grounds for reconsideration.  Initially, the court finds no intervening change in controlling law and no error of law or fact.  Additionally, Iseley fails to raise any new arguments or present any new evidence in support of his motion.  Thus, the court finds no basis to reconsider its denial of Iseley's motions to supplement and amend his amended complaint.

An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | Civil Action No. 1:02-CV-02006 |
| **Plaintiff** | : | |
| v. | : | **(Chief Judge Kane)** |
| **JEFFREY BEARD, et al.** | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this 20TH day of June, 2008, upon consideration of Plaintiff's motion for reconsideration of the court's order dated June 2, 2008 (Doc. No. 306), and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. No. 306) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
Middle District of Pennsylvania